MWS@WELTERLAW.COM

ERIC A. WELTER
ADMITTED IN VA, MD, DC, TX, CA

M. WILSON STOKER
ADMITTED IN VA, TX

LAURA B. THOMASIAN
ADMITTED IN CA

SEAN F. DALEY
ADMITTED IN CA

SARAH M. TUDOR
ADMITTED IN TX

JOSEPH D. HADACEK
ADMITTED IN NY, NJ, CA

October 16, 2015

**VIA ECF FILING**

Hon. Arthur D. Spatt
United States District Judge
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-9014

**Bilal Abrar v. 7-Eleven, Inc. & Javaid Sheikh.**
**Case No. 2:14-cv-06315-ADS-AKT**

Dear Judge Spatt:

Plaintiff Bilal Abrar ("Plaintiff") and Defendant 7-Eleven, Inc. have engaged in settlement negotiations and have agreed to a settlement in principle on this matter. The agreement is solely between Plaintiff and Defendant 7-Eleven and does not affect Plaintiff's pending claims against Defendant Javaid Sheikh. We are writing the Court for direction on the approval of settlement process.

Plaintiff's complaint contains a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as three claims under the New York Labor Law for unpaid wages, retaliation, and statutory damages arising out of the Wage Theft Prevention Act, respectively. Plaintiff's claims against 7-Eleven were based on a joint employment theory, namely, that 7-Eleven was his employer during the time that he worked at Defendant Shiekh's store. Defendant Shiekh was an independent contractor franchisee who owned and operated the 7-Eleven franchise store at which Plaintiff worked pursuant to a written Franchise Agreement with 7-Eleven.

There are several issues that make this an atypical case. Namely the issue of whether 7-Eleven was a proper named defendant and even liable to Plaintiff under the

101 WEST SIXTH STREET, SUITE 506
AUSTIN, TEXAS 78701
512-369-3294   FAX 703-435-8851
TOLL FREE 866.972.4959

NORTHERN VIRGINIA
LOS ANGELES
AUSTIN

FLSA. The joint employer issue was ultimately a significant collateral issue in the litigation that presented risk and uncertainty to both 7-Eleven and Plaintiff with respect to his claims against 7-Eleven. Additionally, subsequent to this settlement, Plaintiff retains the right to pursue remedies under the FLSA and New York Labor law against his undisputed primary employer, Defendant Sheikh. There may be a need for non-public disclosure of the terms of the agreement herein so as to not prejudice the claims still pending against the remaining Defendant. Consequently, we believe that the normal "fair and reasonable" Court approval process requires a different, nuanced approach.

Mindful of the Second Circuit's recent decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Plaintiff and 7-Eleven have discussed a bifurcated settlement structure dividing the FLSA claim (Count I) from the other claims (Counts II to IV) that do not require court approval. Under this structure, the FLSA agreement would be filed in public record, as required. The other settlement agreement, related to claims that do not require Court approval, would not be filed and would remain confidential. Plaintiff and 7-Eleven are reaching out to the Court for guidance as to whether it will approve this structured settlement approach. We are not requesting an approval of the FLSA settlement through this correspondence.

Accordingly, we request a telephone conference with the Court to discuss the approval of settlement process and the Court's preferences as to how the parties should proceed. Thank you for your consideration of this request.

Sincerely,

*/s/ M. Wilson Stoker*

M. Wilson Stoker

cc: Joshua Marcus, Esq.
     Louis Pechman, Esq.
     Gianfranco Cuadra, Esq.
     John Poli, Esq.