FILED
CLERK
4/14/2016 3:57 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BILAL ABRAR,

                Plaintiff,

       -against-

7-ELEVEN, INC. and JAVAID SHEIKH,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
14-cv-6315 (ADS) (AKT)

**APPEARANCES:**

**Pechman Law Group PLLC**
*Attorneys for the Plaintiff*
488 Madison Avenue
New York, New York 10022
       By: Louis Pechman, Esq.
           Gianfranco J Cuadra, Esq., Of Counsel

**Welter Law Firm, P.C.**
*Attorneys for the Defendant 7-Eleven, Inc.*
1141 Elden Street, Suite 220
Herndon, VA 20170
       By: Eric A. Welter, Esq.
           Michael Wilson Stoker, Esq., Of Counsel

**Franklin, Gringer & Cohen, P.C.**
*Attorneys for the Defendant 7-Eleven, Inc.*
666 Old Country Road, Suite 202
Garden City, NY 11530
       By: Joshua A Marcus, Esq., Of Counsel

**John G. Poli, III, Esq.**
*Attorney for the Defendant Javaid Sheikh*
31 Salem Ridge Drive
Huntington, NY 11743

1

**SPATT, District Judge**.

On October 28, 2014, the Plaintiff Bilal Abrar (the "Plaintiff") commenced this action by filing a complaint against the Defendants 7-Eleven Inc. ("7-Eleven") and Javaid Sheikh ("Sheikh" and collectively, the "Defendants"). According to the complaint, from 1995 to 2014, the Plaintiff worked as a sales associate at a 7-Eleven franchise store in Farmingville, New York, which was owned by Sheikh.

The Plaintiff asserted the following four causes of action against the Defendants: (i) the Defendants failed to pay the Plaintiff overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"); (ii) the Defendants failed to pay the Plaintiff overtime wages in violation the New York Labor Law § 190 *et seq*. ("NYLL"); (iii) the Defendants violated NYLL § 215 for reducing the Plaintiff's hourly rate of pay in retaliation for opposing the Defendants' allegedly illegal payment practices; and (iv) the Defendants violated NYLL § 195 for failing to furnish to the Plaintiff adequate notice regarding his rate of pay.

Although Shiekh owned the store at issue as an independent contractor franchisee, the complaint alleged that 7-Eleven was still liable for the acts of Shiekh against the Plaintiff under a joint-employment theory. Under this theory, 7-Eleven "significantly control[ed] the day-to-day operations of [Shiekh's store] and its employees" and benefited from the Plaintiff's work as a sales associate, and is therefore subject to liability under the FLSA. (See Compl. at ¶¶ 10–50.)

On December 29, 2014, 7-Eleven filed an answer denying the allegations against it, including that it was a joint-employer of the Plaintiff. (See Answer at ¶¶ 10–50.)

On January 5, 2015, Sheikh also filed an answer denying the allegations in the complaint.

In January 2015, the parties engaged in written discovery.

On October 16, 2015, a week prior to the depositions of several 7-Eleven employees, the Plaintiff and 7-Eleven filed a joint-letter notifying the Court that they had agreed to a settlement in principle. Notably, the Defendant Shiekh was not a party to the settlement agreement. In light of the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the parties proposed a bifurcated settlement structure pursuant to which the parties would (i) publicly file a settlement agreement with respect to the FLSA claim against 7-Eleven for the Court's approval as fair and reasonable under Cheeks; and (ii) execute a separate settlement agreement of Counts II through IV, the Plaintiff's non-FLSA claims, which would remain confidential and would not require the Court's approval under Cheeks.

On October 30, 2015, the Court approved of this proposed settlement structure.

On December 22, 2015, the Plaintiff and the Defendant 7-Eleven filed a joint-motion to approve a settlement agreement solely with regard to the Plaintiff's FLSA claim as fair and reasonable under the principles outlined in Cheeks.

The Court has reviewed the settlement agreement resolving the FLSA claim and finds that it is fair and reasonable.

In Cheeks, the Second Circuit held that parties cannot settle their FLSA claims through a private stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1)(A)(ii) unless the district court approves the settlement agreement. Although the Court did not specify what level of scrutiny a court should apply in reviewing a private settlement agreement, it cited with approval a district court case that disapproved a settlement agreement that included:

> (1) 'a battery of highly restrictive confidentiality provisions . . .'; (2) an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues;' and (3) a provision that would set the fee for plaintiff's

3

attorney at 'between 40 and 43.6 percent of the total settlement payment' without adequate documentation to support such a fee award.'

Cheeks, 796 F.3d at 206 (2d Cir. 2015) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-182 (S.D.N.Y. 2015)).

Other factors that district courts have examined when reviewing an individual FLSA settlement, include:

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation.

Najera v. Royal Bedding Co., LLC, No. 13-CV-1767 (NGG) (MDG), 2015 WL 3540719, at *2 (E.D.N.Y. June 3, 2015) (collecting cases); see also Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-CV-2824 (SIL), 2015 WL 6550560, at *1 (E.D.N.Y. Oct. 28, 2015) (same).

Here, under the terms of the parties' settlement agreement, the total amount of the settlement is $5,000, of which $3,333.34 will go to the Plaintiff and $1,666.66 will go to the Pechman Law Group PLLC ("Pechman"), the Plaintiff's counsel.

All of the factors described above weigh in favor of approving this agreement. As the parties state in their joint-motion, the issue of whether 7-Eleven was a joint-employer subject to liability under the FLSA was hotly contested between the parties. Litigating that issue would have required extensive discovery, including depositions and dispositive motion practice, which would have been costly and presented risks for both parties. Furthermore, the parties represent that they engaged in good-faith negotiations in

4

reaching a settlement, including a discussion of the joint-employer issue, the Plaintiff's potential damages, and 7-Eleven's potential defenses.

In addition, the Court notes that the Plaintiff may still pursue his claims against the Defendant Shiekh, who is not a part of this settlement agreement. Thus, although he may not be getting one hundred percent of his unpaid overtime wages as part of this settlement, the Plaintiff still has a remedy against Shiekh to attempt to obtain full compensation for the hours he allegedly worked.

Therefore, the Court finds that a $5,000 settlement, which avoids potentially extensive litigation costs, reflects a reasonable compromise over a contested issue. See Low v. Tian Yu Inc., No. 12 CIV. 7237 (HBP), 2016 WL 1444725, at *1 (S.D.N.Y. Mar. 31, 2016) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."); Johnson v. Brennan, No. 10 CIV. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes.") (collecting cases).

The $1,666.66 in attorneys' fees and costs represent one third of the total settlement amount. Although the Pechman firm does not make clear the amount of hours its lawyers expended on litigation with 7-Eleven, the case has involved written discovery, a court conference, and extensive settlement negotiations. Under these circumstances, the Court finds that $1,666.66 in fees and costs to be fair and reasonable. See Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15CV4145 (ADS) (SIL), 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (Spatt, J) ("[T]he total attorneys' fees represents less than one third of the total settlement amount, which courts in this Circuit have also found to be

5

reasonable."); Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Gaspar v. Pers. Touch Moving, Inc., No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("The fee requested in this case, $9,804.11, constitutes just under a third of the total recovery in this case. Fee awards representing one third of the total recovery are common in this District . . . . The Court therefore considers the requested fees to be reasonable.").

Finally, unlike the improper settlement agreements described in Cheeks, the settlement agreement here does not contain an overly broad release, a non-disparagement clause, or a confidentiality provision. Thus, there is no provision in this settlement agreement which prevents the Plaintiff from discussing his efforts to enforce his statutory rights to fair pay with other workers, or prevents the public from vindicating its "independent interest in assuring that employees' wages are fair." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015).

In addition, the release is narrowly tailored to only cover claims against 7-Eleven under the FLSA relating to the Plaintiff's employment, and as noted above, the Plaintiff's case remains pending against the Defendant Shiekh. Thus, this settlement agreement in no way forecloses the ability of the Plaintiff to vindicate his claims under the FLSA or the NYLL.

For these reasons, the Court approves the settlement as fair and reasonable. As such, the Court will contemporaneous with this decision, so-order (i) the proposed

6

stipulation of dismissal with prejudice against 7-Eleven; and (ii) the proposed amended caption removing 7-Eleven from this case.

The Clerk of the Court is directed to terminate 7-Eleven from this action and to amend the caption in accordance with the proposed amended caption submitted by the parties.

**SO ORDERED.**
Dated: Central Islip, New York
April 14, 2016

                                                       */s/ Arthur D. Spatt*___
                                                     ARTHUR D. SPATT
                                          United States District Judge